47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn E. WORTMAN, Defendant-Appellant.
 No. 93-3944.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant was convicted on three counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and acquitted on one count of possessing a firearm in relation to drug trafficking in violation of 18 U.S.C. Sec. 924(c)(1). On appeal, defendant contends that the district court erred during trial and at sentencing. We AFFIRM.
 
 I.
 
 2
 Wortman came to the attention of the FBI in April 1990, through paid informants Nick and Brenda Bartone. Nick Bartone told FBI Special Agent Graff that Glenn Wortman and his brother were selling methamphetamine. In February 1990, the FBI arranged through Nick for an undercover FBI agent, Reno Reda, to meet Wortman. Reno then purchased an ounce of methamphetamine from Wortman for $1200.
 
 
 3
 Over two years later, on May 12, 1992, Nick and Brenda Bartone made a controlled purchase of an ounce of methamphetamine for $1500. The Bartones recorded the sale on tape. On July 17, 1992, at 5:40 a.m., FBI agents and local enforcement agents conducted a court-authorized search of Wortman's house. The agents seized drugs and weapons. Subsequently, a five-count indictment against Wortman was issued.
 
 II.
 
 4
 Wortman argues that the district court erred in denying his motion to suppress evidence seized during the execution of a search warrant; that the district court improperly limited the scope of cross-examination of government witnesses; that a Brady violation occurred; that the district court erred in denying defendant a two-level reduction for acceptance of responsibility, and improperly increased his sentence two levels for possession of a gun during the commission of a drug trafficking offense. A brief discussion of each argument follows.
 
 
 5
 Prior to trial, defendant moved to suppress evidence, arguing that the search warrant was not supported by probable cause. The district court denied the motion. On the morning of trial, Wortman filed another motion to suppress on the ground that the executing agents failed to comply with the knock and announce rule contained in 18 U.S.C. Sec. 3109 and O.R.C. Sec. 2935.12. The district court denied this motion too, holding that Wortman's motion was untimely under Rule 12(b)(3), which requires that a motion to suppress be filed prior to trial.
 
 
 6
 This circuit strictly applies Rule 12 and if a 12(b)(3) motion is not filed prior to trial, it is waived pursuant to Fed. R. Crim. P. 12(f). United States v. Worthington, 698 F.2d 820, 823-24 (6th Cir. 1983), cert. denied, 469 U.S. 827 (1984). The district court correctly noted that defendant's testimony at the suppression hearing revealed that he watched the agents enter his home, and therefore, defendant must have possessed adequate information prior to the suppression evidentiary hearing to challenge the warrant. Accordingly, we find the district court did not abuse its discretion in finding the motion untimely.
 
 
 7
 Defendant's next issue addresses the district court's decision to quash defendant's subpoena, demanding that Ashtabula County Childrens' Service Board produce records pertaining to its investigation of Nick Bartone. Defendant hypothesized that the FBI intervened to have sexual abuse charges against Bartone dropped. Although Nick Bartone never testified, defendant contends that the information is relevant to the credibility of Brenda Bartone and FBI agent Graff, and that the district court's limit on his cross-examination of Brenda Bartone hampered his ability to show bias.
 
 
 8
 Bias is always a significant factor in assessing the credibility of a witness. The court-placed limitation on cross-examination may not constitute an abuse of discretion, however, if the reviewing court finds that "the jury was otherwise in possession of sufficient information concerning formative events to make a 'discriminating appraisal' of a witness' motives and bias." United States v. Touchstone, 726 F.2d 1116, 1123 (6th Cir. 1984) (quotation omitted). We do. Other evidence of bias was presented to the jury including testimony that the Bartones received money and relocation assistance. Accordingly, we find that if such evidence of bias existed, the court did not abuse its discretion in keeping it from the jury.
 
 
 9
 Defendant's next claim deals with his cross-examination of Brenda Bartone, during which she revealed that Graff prepared a letter purportedly given to her by a law firm. The letter stated that Brenda would inherit over $92,000 from her father's estate. Brenda testified that Graff prepared the letter because Brenda and her husband owed Wortman $16,000 and wanted Wortman to stop threatening them.
 
 
 10
 At the conclusion of Brenda's testimony, defendant moved for a mistrial. Defendant argued that the letter constituted consideration given to Bartone for her work as an informant, and further that his defense was prejudiced due to the insufficient time available for counsel to consider the ramifications of the letter. The district court denied the motion.
 
 
 11
 Even if the letter were consideration, its existence was revealed to the jury, and defense counsel had the opportunity to question the witness about FBI authorship. Accordingly, defendant was not prejudiced, and the district court properly denied his motion for mistrial. See United States v. Moore, 917 F.2d 215 (6th Cir. 1990) (holding if government violates Brady obligation and the defendant is seriously prejudiced, a mistrial must be granted), cert. denied, 499 U.S. 963 (1991).
 
 
 12
 Defendant further contends that he is entitled to a two-level reduction in sentence for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. Wortman's argument is based on a selective recitation of the facts. We have reviewed all of the facts and find that the district court was not clearly erroneous in holding Wortman was not entitled to a reduction for acceptance of responsibility.
 
 
 13
 The final issue raised by defendant is the applicability of the firearm enhancement. U.S.S.G. Sec. 2D1.1(b)(1) states that if a firearm or "dangerous weapon" was possessed during the commission of a drug offense, the base offense level is increased by two. Application Note 3 specifies that the enhancement is applied "unless it is clearly improbable that the weapon was connected with the offense."
 
 
 14
 According to Wortman, the increase was improperly applied because there was no evidence that he carried a firearm on his person during either of the two drug buys, and neither drug buy occurred inside his house, where the guns were discovered.
 
 
 15
 Defendant correctly notes that the drug sales transactions were not at the same location as the guns were discovered; however, the guns were located at his home where methamphetamine and marijuana were stored. The indictment charged defendant with drug possession, thus the enhancement was proper.
 
 
 16
 For the reasons stated, we AFFIRM the defendant's conviction and sentence.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation